UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jackson Javier Batioja Cuero

    v.                                                                                                Civil No. 23-cv-065-LM-AJ

Warden, FCI Berlin

## REPORT AND RECOMMENDATION

    Petitioner, Jackson Javier Batioja Cuero is a noncitizen convicted of drug trafficking who was at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") when he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  His petition seeks to compel the Federal Bureau of Prisons ("BOP") to apply "time credits" he earned under the First Step Act ("FSA") to his sentence and to put him in a halfway house.  After this court granted in part and otherwise denied, without prejudice, the respondent's (second) motion for summary judgment, intending to preserve certain issues for further briefing, the respondent filed a disposition motion, entitled, "Warden's Motion to Dismiss, Or Alternatively, Third Motion for Summary Judgment" (Doc. No. 21).  Petitioner objected to that motion.

    The BOP Online Inmate Locator states that, since April 7, 2025, petitioner "is no longer in BOP custody."  BOP Online Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Aug. 30, 2025).  That website is self-authenticating, and the information it conveys is properly the subject of judicial notice.  See Fed. R. Evid. 201(b)(2), 902(5); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

    Petitioner's claims seeking sentence credits and placement in a halfway house became moot upon his release from BOP custody, as there would appear to be no further meaningful relief that this court can provide.  See Francis v. Maloney, 798 F.3d 33, 38 (1st Cir. 2015) (reinstating petitioner's

sentence credits or altering his release date after release remedies nothing).  Nor is there any indication that petitioner will suffer any adverse or collateral consequences without retroactive relief.  A decision on the matters briefed at this court's direction, see Sept. 12, 2024 Order (Doc. No. 17), would appear to be advisory at this point, insofar as those issues were antecedent to the disposition of petitioner's FSA claims.  Accordingly, the respondent's dispositive motion (Doc. No. 21) is properly denied as moot.

## Conclusion

For the foregoing reasons, the district judge should deny as moot the respondent's dispositive motion (Doc. No. 21) and then dismiss the § 2241 petition in its entirety as mooted by petitioner's release from BOP custody.  Then, the Clerk may enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion.  Only those issues raised in the written objection are subject to review in the district court, and any issues not preserved by such objection(s) are precluded on appeal.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 2, 2025

cc:   Michael Iacopino, Esq.
      Heather A. Cherniske, Esq.